# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20071-01-KHV |
| CHRISTOPHER M. FEASTER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion For Review Of Release (Doc. #11) filed May 11, 2010. On June 3, 2010, the Court held a hearing on the motion. For reasons stated below, the Court finds that defendant should be released on conditions pending trial.

## Procedural Background

On May 19, 2010, a grand jury charged defendant and others with manufacture and conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(vii) and 18 U.S.C. § 2 (Counts 1 and 2) and leasing, renting, using and maintaining a place for the purpose of unlawfully storing and manufacturing marijuana, in violation of 21 U.S.C. § 856(1)(1) and (2), and 18 U.S.C. § 2 (Count 3). See Indictment (Doc. #1). After a detention hearing, Magistrate Judge David J. Waxse ordered defendant released on certain conditions, but ordered that defendant be detained pending the government's appeal of the release order. See Doc. #15 filed May 25, 2010.

## Standard Of Review

The government may seek review of a magistrate judge's order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate's order of release. See United States

v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL 873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community). The indictment charges defendants with manufacture and conspiracy to manufacture 100 or more marijuana plants. For a violation of Section 841(a) involving 100 or more marijuana plants, Section 841(b)(1)(B) imposes a minimum of 5 years and a maximum of 40 years in prison, or – in the case of a person with a prior felony conviction – a minimum of 10 years and a maximum of life in prison. See 21 U.S.C. § 841(b)(1)(B)(vii). Here, defendant has a prior felony drug conviction and thus faces a minimum of 10 years imprisonment, thereby triggering the rebuttable presumption for detention. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by statute to trigger presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about

charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Stricklin, 932 F.2d at 1354. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

**Analysis**

The Court incorporates the Pretrial Services Report and the record of the proceedings conducted by the magistrate judge.

The government proffered the following evidence at the hearing. On August 21, 2009, officers executed a search warrant for the residence just outside of Lawrence, Kansas where defendant lived with co-defendant Margaret Beedles and their two children. Officers found over 300 marijuana plants in the basement, and defendant admitted that he was engaged in a marijuana growing operation. Defendant then moved to Colorado where state statutes have legalized medical marijuana . Defendant obtained a permit and set up a business to dispense medical marijuana.

When the grand jury indicted him in this case, defendant voluntarily returned to Kansas to face charges.

A.     <u>Nature And Circumstances Of The Offense</u>

As noted, because defendant has a prior felony drug conviction, the conspiracy and manufacture counts carry a minimum term of 10 years, thereby triggering the rebuttable presumption for detention. This factor favors detention.

B.     <u>Weight Of The Evidence</u>

As noted, the government has proffered strong evidence that defendant committed the charged offenses. This factor also favors detention.

C.     <u>History And Characteristics Of Defendant</u>

Defendant is married to co-defendant Margaret Beedles, who has been released on the condition that she have no contact with defendant. The couple's two young children are currently living with Beedles, who is seven months pregnant. Most of defendant's family reside in Kansas. Defendant has worked as a chef. He is willing to live with his parents in Topeka, Kansas as a condition of release.

Defendant has a criminal record. In 2000, defendant was convicted on a felony marijuana charge in Arizona state court and served one year on probation. In 2006, defendant pled guilty to a felony marijuana charge in Texas state court. He was given a deferred adjudication and placed on probation from 2006 through February of 2009.

Defendant has smoked marijuana daily since he was 16 years old. He does not have any history of violence.

Defendant's strong family ties to Kansas suggest that he is not a flight risk. Defendant's history suggests that he would likely follow conditions of pretrial release.

D.   Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. The government points out, however, that after officers discovered the marijuna growing operation in his home in August of 2009, defendant has continued to manufacture and sell marijuana in violation of federal law. Defendant counters that Colorado state law has legalized medical marijuana, and further argues that under current policy, federal drug enforcement authorities decline to prosecute state-licensed use of medical marijuana. Nonetheless, federal law clearly prohibits manufacture of marijuana. At the hearing, however, defendant agreed to immediately surrender his Colorado medical marijuana permit and to completely cease that business. Based on these conditions, the Court finds that defendant is not a danger to community. Cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

E.   Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that defendant has met his burden to rebut the presumption that there are no conditions of release which will ensure the safety of the community.

**IT IS THEREFORE ORDERED** that defendant be released pending trial on the conditions set forth in the Order Setting Conditions Of Release filed contemporaneously with this order.

Dated this 3rd day of June, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
